9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Peter LIQUORI, Sr., Defendant-Appellant.
 No. 92-50727.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Peter Liquori, Sr. appeals pro se the district court's dismissal of his Fed.R.Crim.P. 41(e) motion to return $1,260 in U.S. currency seized pursuant to the search of his son's house. Liquori contends he was deprived of his property as the result of an illegal search and he never received notice of the forfeiture proceedings.[1] We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 Here, federal agents executed a search warrant at 8424 Stansbury St., Spring Valley, California, the residence of Liquori's son. Liquori was present during the search, and the agents seized $1,260.00 from Liquori's pockets. An additional $3,650.00 was seized from one of the bedrooms. The Drug Enforcement Agency sent a registered letter containing notice of intended forfeiture of $4,910.00, but it was addressed to Liquori's son and only mailed to the son's residence. The notice of seizure was also published in USA Today for one day, but, again, the notice was directed to Liquori's son. On July 30, 1990, after no response was received from the notices, the funds were administratively forfeited. Meanwhile, Liquori was convicted following jury trial and sentenced to life imprisonment on December 18, 1991.
 
 
 4
 On September 3, 1992, Liquori filed the motion for return of property. The district court dismissed the motion based upon its determination that it lacked jurisdiction because of the earlier forfeiture proceeding.
 
 
 5
 We vacate and remand for the district court to construe Liquori's pro se motion for return of property as an action under the Tucker Act and to exercise its jurisdiction to consider the alleged due process violation. See 28 U.S.C. § 1346(a)(2) (district court has original jurisdiction over any civil action against the United States not exceeding $10,000 based upon a violation of the Constitution); see also United States v. Clagett, No. 92-50507, slip op. 9621, 9626 n. 4 (9th Cir. Sept. 3, 1993). Because Liquori has this remedy at law, we need not address whether the district court erred by not exercising its equitable jurisdiction.[2]
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As requested by this court, both parties briefed the issue of whether the filing of the notice of appeal is governed by Fed.R.App. 4(a) or Fed.R.App.P. 4(b). Both parties agree that the former applies for purposes of an appeal of a motion for return of property, and the notice of appeal was timely in the instant case. See United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir.1987)
 
 
 [2]
 We recently have held that where the administrative forfeiture was completed before a claimant filed his motion for return of property and the forfeiture notice is allegedly inadequate, the claimant had no adequate remedy of law and the district court therefore retains equitable jurisdiction to make a ruling on the claim of inadequate notice of the prior forfeiture proceeding. See Clagett, slip op. at 9624-25